156 So. 429

### CHAMPION v. HERRICK et al.

### KLEIN et al. v. PFANKUCHEN et al.

#### No. 32436.

July 2, 1934.

Rehearing Denied Aug. 3, 1934.

Frederick G. Veith, of New Orleans, for Nylka Land Co., Limited, appellant.

Gamble & Gamble, of New Orleans, for Mrs. Katie L. Early, wife of C. G. Hicks, et al., appellees.

BRUNOT, Justice.

This is a suit by Mrs. Julia H. Klein, widow of Albert C. Early, and her children and grandchildren, against Mrs. Alice Louise Pfankuchen, widow of Bert Champion, and his heirs, and the Nylka Land Company, Limited, for the annulment of a tax title confirmation judgment rendered and signed in the suit entitled Bert Champion v. Coleman Herrick et al., No. 93031 of the docket of the civil district court for the parish of Orleans,

during the month of April, 1910, in so far as it affects the property described in the plaintiffs' petition.

The plaintiffs had a curator appointed to represent the minor, Bertha E. Champion, and all of the defendants were properly cited. The curator of the minor, for lack of sufficient information, filed a general denial to the allegations of the petition. The Nylka Land Company, Limited, filed an exception of misjoinder of parties defendant. These exceptions were heard and overruled, and the Nylka Land Company, Limited, answered the suit, denied all allegations of the petition affecting the acquisition of its asserted title to the property involved in the suit, and pleaded the prescription of one, two, three, five, ten, and thirty years.

Mrs. Alice Louise Pfankuchen, widow of Bert Champion, did not answer the suit, and a judgment by default was regularly entered and confirmed as to her.

The case was tried, argued, and submitted and a judgment was rendered in favor of the plaintiffs as prayed for in their petition. The Nylka Land Company, Limited, appealed from the judgment. Pending the appeal, Mrs. Julia H. Klein and Miss Edna E. Early died, leaving as their sole heirs the other plaintiffs and appellees in this suit, who, by proper motion, in this court, are substituted for the said deceased herein.

The property involved in this suit is one square of ground and eleven lots in an adjacent square in the Third district, in the city of New Orleans. The record discloses that this property was acquired by Jean Soulagnet, the author of the plaintiffs' title, from

Thomas Barwood, in 1869. The property is described in the deed from Barwood to Soulagnet as follows:

"1st. A certain portion of ground situate in the Third District of this city, in the square bounded by Manuel, Jeanne, Bolivar and Barthelomy streets, designated by No. 'One hundred and fifty-five', on a plan drawn by L. H. Pelie, surveyor, on the 3rd day of March 1866, a copy whereof is annexed to an act passed in this office on the 16th day of June, 1868; said portion of ground containing eleven lots," etc.

"2nd. A certain square of ground situate in the same District designated by the No. 'One hundred and fifty-six,' on the plan above mentioned, and bounded by Manuel, Pauline, Bolivar and Jean streets," etc.

For some unexplained reason, the squares were not correctly numbered on the assessment roll, but the boundaries clearly identified the property and Soulagnet paid the taxes thereon until 1874. Thereafter, until 1898, as counsel for appellee correctly say:

"The assessor misdescribed, or rather seemed to drop, the *part square* bounded by Jeanne, Bartholomew, Manuel and Bolivar, and substituted for it a square or squares two or three blocks further West, or up river (Early 10 to 12, Vol. of Ex., pp. 14 to 17); the Appellees' ancestors continuing to pay taxes all the while. * * * They did not seem to know that the assessor had, beginning in 1875, switched their 11 lots bounded by Jeanne, Bartholomew, Manuel and Bolivar back to the original owner, Thomas Barwood, and assessed them with some property previously assessed to and belonging to Barwood.

"After 1899 the family continued to pay taxes on the 11 lots, but the assessment had been corrected from that year, and remains so to this year. (Early 13 to 15, Vol. of Ex., pp. 18 to 20.)

"The foregoing be it noted was as to the *part* square bounded by Jeanne, Bartholomew, Manuel and Bolivar.

"As to the *whole square* bounded by Pauline, Jeanne, Manuel and Bolivar, it was correctly assessed by its boundaries and assessment roll square numbers to the family throughout and taxes were paid regularly every year for 62 years. (Early 9 to 26, vol. of Ex. pp. 12 to 36.)"

We will note here that appellees' ancestors owned no other property in the locality of the square and part squares Soulagnet acquired from Barwood in 1869, and it may be presumed that, from 1874 to 1899, when it was discovered that the 11 lots in the square bounded by Jeanne, Bartholomew, Manuel, and Bolivar streets had been switched on the assessment roll to another square, that they were paying the taxes on their property as it was correctly assessed prior to 1874.

The Nylka Land Company, Limited, claims that its author in title acquired the property involved in this suit from the state and that it was adjudicated to the state in 1885 for the nonpayment of the taxes due thereon for the years 1882 and 1883, under an assessment to Thos. B. Barwood. The assessment for each of those years is exactly the same. We will therefore quote the assessment for 1882, which is as follows:

"Square No. 2543 to 2545—Elmira to Pauline, Manuel, Bolivar: Thos. B. Barwood—Part of Square Jean Soulagnet—Part of Square.

"Square No. 2546—Pauline, Jeanne, Manuel, Bolivar: Jean Soulagnet—Square 22 lots 244x341.

"Square No. 2547—Jeanne, Bartholomew, Manuel, Bolivar: Ludger Boguille—Bartholomew 13 lots 158x341.

"Thos. B. Barwood—Jean 11 lots 119x341."

The property which was assessed to Barwood, and which was adjudicated to the state for the nonpayment of the taxes due thereon for the year 1882, is described as:

"Part of a certain square of ground and improvements thereon in the Third District of the City of New Orleans, in Square Nos. 2543 to 2545, bounded by Elmira, Pauline, Manuel and Bolivar Streets.

"Thirteen Certain lots of ground and improvements thereon in the Third District of the City of New Orleans, bounded by Jeanne, Bartholomew, Manuel and Bolivar Streets, said lots measure 119 feet front on Jeanne street by 341 feet in depth."

The property which Philip G. Veith, the author of the title of the Nylka Land Company, Limited, made application to the auditor to purchase, is the following:

"Two certain squares of ground in the Third Dist. of New Orleans, 9th Ward, being Sqrs. #2543–2647, etc.

"Sqr. 2543 bounded by Manuel, Bolivar, Congress and Elmira Sts.

"Sqr. 2547 bounded by Jeannet, Bolivar, Manuel and Bartholomew."

In the auditor's sale to Veith the property conveyed is described as follows:

"Part of a certain square of ground and improvements in the 3rd Dist. in Sqrs. No. 2543 to 2547, bounded by Elmira, Pauline, Manuel and Bolivar Streets."

Veith conveyed this property to Bert Champion, and it is described in the deed from Veith to Champion as follows:

"A certain piece or portion of ground designated as Square No. —, bounded by Manuel, Jeanne, Bolivar and Bartholomew Sts. and also designated by the No. 144 on the * * * plan by L. H. Pilie, surveyor, March 3rd, 1866, and deposited in the office of E. Bouny; said portion of ground containing eleven (11) lots and measuring American measure one hundred nineteen (119) feet four (4) inches and three (3) lines fronting on each Bolivar and Manuel Sts., and three hundred forty-one (341) feet two (2) inches and five (5) lines, fronting on Jeane St. and on the line in the rear.

"A certain piece or portion of ground designated as Square No. — bounded by Manuel, Bolivar and Jeane Sts. (said square is designated as No. 156 on a plan of March 3rd, 1866, by L. H. Pilie, above referred to and contains twenty two (22) lots and measures two hundred forty four (244) feet five (5) inches and three (3) lines on Manuel St., two hundred forty-four (244) feet eight (8) inches and four (4) lines front on Bolivar St. and three hundred forty-one (341) feet two (2)

inches and five (5) lines front on each Pauline and Jeanne Sts." ·

When Champion applied to the civil district court to confirm the tax title we are considering, he prayed to have that title confirmed as to the following property:

"Five certain squares or parcels of ground, being the squares bounded as follows: Bartholomew, Bolivar, Alvar and Manuel Sts.; Alvar, Bolivar, Pauline and Manuel Streets; Pauline, Independence, Manuel Streets and Gentilly Lands; Independence; Congress, Manuel Streets and Gentilly Lands; and Congress, Elmira and Manuel Streets, and Gentilly Lands."

The judgment rendered in the confirmation suit is substantially as was prayed for. With respect to the property involved in this litigation it reads as follows:

"Five certain squares or parcels of ground, in 3rd Dist. of this City, being designated as Sqrs. 155, 156, 157, 158 and 159 on a plan by Geo. DeArmas, Surveyor, dated February 19, 1910, and attached to plaintiff's petition, according to which they are bounded as follows, namely:

"Square No. 155 is bounded by Manuel, Bolivar (or Foy), Alver (or Jeanne), and Bartholomew Streets; Square 156 is bounded by Alvar (or Jeanne), Bolivar (or Foy), Pauline and Manuel Streets."

After the foregoing judgment was rendered, Bert Champion conveyed to the Nylka Land Company, Limited, certain property including the following:

"Square No. 2547 (formerly 155) bounded by Manuel, Bolivar (or Foy), Alvar (or Jeannet) and Bartholomew Streets; and measures three hundred and forty-one feet, two inches and five lines (341' 2" 5'') on Alvar Street, two hundred and seventy-one feet, nine inches and four lines (271' 9" 4'') on Bolivar Street; three hundred and forty-one feet, two inches and five lines (341' 2" 5'') on Bartholomew Street, and two hundred and seventy-one feet, nine inches and four lines (271' 9" 4'') on Manuel Street.

"Square No. 2546 (formerly 156) is bounded by Alvar (or Jeannet), Bolivar (or Foy), Pauline and Manuel Streets, and measures three hundred and forty one feet, two inches and five lines on each of Pauline and Alvar (formerly Jeannet) streets, two hundred and forty-four feet, eight inches and four lines (244' 8" 4'') on Bolivar (or Foy) Street, and two hundred and forty-four feet, five inches and three lines (244' 5" 3'') on Manuel Street."

As counsel for appellees correctly say:

"The first described property adjudicated to the State in 1885 for taxes of Barwood due 1882 cannot, in the first place, be identified or located at all, and in the second place, does not include, by boundaries or square numbers, the property of Appellees."

The same may be said of the property purchased by Veith, under the provisions of Act No. 80 of 1888, as amended, from the auditor of the state of Louisiana. Thereafter, the conveyance by Veith to Champion, the suit to confirm the tax title, and Champion's conveyance to the Nylka Land Company, Lim-

ited, reek with fraud and misrepresentation, and justify every allegation of fraud, concealment, and imposition upon the court that rendered the judgment sought to be annulled in this suit, that is alleged in the plaintiff's petition herein.

The record shows that Veith, Champion, and the Nylka Land Company, Limited, were closely related in their transactions respecting the property involved in this suit. In fact, Saxton was the president of the Nylka Land Company, Limited, and he was the owner of a one-fifth interest in the property Veith purchased from the state auditor.

We have read the entire record, including the exhibits, and find that appellees, or their ancestors, have paid taxes on one whole square and a part square since 1869; that the part square was erroneously assessed from 1874 to 1899; that the whole square was never adjudicated to the state; that, if the part square was adjudicated to the state, it was an improper adjudication, and the state acquired no title thereby; and, as is well said by counsel for appellees: "The description by which Appellant acquired from the Auditor described nothing identifiable; and if other records were resorted to to decipher the description, it must be held to describe only property belonging to the tax debtor, Barwood."

For the reasons stated, we find that the judgment appealed from is correct, and it is therefore affirmed, at appellant's cost.

O'NIELL, C. J., concurs in the decree.

ROGERS, J., concurs in the decree, but not in the finding of fraud.